UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WENDORF,

        Plaintiff,

vs.

        Case No. 08-CV-12229
        HON. GEORGE CARAM STEEH

JLG INDUSTRIES, INC.,

        Defendants.

_____/

ORDER SUSTAINING, IN PART, PLAINTIFF'S OBJECTIONS (# 74)
AND OVERRULING DEFENDANT'S OBJECTION (# 78)
TO MAGISTRATE JUDGE'S JULY 31, 2009 ORDER GRANTING DEFENDANT'S
MOTION TO EXCLUDE PLAINTIFF'S EXPERT DANIEL PACHECO (# 71),
AND MODIFYING JULY 31, 2009 ORDER

    Plaintiff Thomas Wendorf objects to Magistrate Judge Steven Whalen's July 31, 2009 Order granting defendant JLG Industries, Inc.'s motion to exclude the testimony of Wendorf's expert witness Daniel Pacheco. Defendant JLG objects to that part of the July 31, 2009 Order finding that Pacheco is qualified to render an opinion regarding the proper functioning of computer software.

    Wendorf alleges he was employed by non-party Hertz Equipment Rental Corporation as a Field Mechanic on October 10, 2006, operating a 2030 ES Model mobile scissors lift manufactured and designed by defendant JLG. The mobile lift was capable of being operated by a computer-controlled joystick handle while the operator walked beside the machine. Wendorf allegedly positioned the joystick for the lift to make a right turn, but the lift allegedly continued turning left, striking Wendorf's right ankle and causing serious injuries. Wendorf alleges JLG is liable under theories of product defect and negligence.

    On July 31, 2009, Magistrate Judge Whalen issued an order granting JLG's motion

to exclude the testimony of Wendorf's expert Daniel Pacheco, P.E., a mechanical engineer. Magistrate Judge Whalen performed a Daubert[1] analysis and determined that, although Pacheco was qualified by his knowledge, skill, experience, training, and education to render an opinion that "the programming in the software which controlled steering inputs was defective in that an immediate change from left steer input to right steer input caused the wheels to immediately turn left," the opinion was based on insufficient facts and an unreliable methodology. The Magistrate Judge found that Pacheco performed virtually no independent examination or testing of the scissors lift or its prototype, and failed to review highly relevant materials provided by JLG, including the computer software. Magistrate Judge Whalen relied in part on Johnson v. Manitowoc Boom Trucks, Inc., 484 F.3d 426, 431 (6th Cir. 2007) in granting JLG's motion to exclude Pacheco's testimony.

## I. Standard of Review

At the outset, Wendorf's argument that Magistrate Judge Whalen should have issued a Report and Recommendation for de novo review by this court, because the motion to exclude Pacheco as an expert is potentially dispositive, is without merit.[2] A motion to exclude an expert's testimony is not a dispositive motion. See 28 U.S.C. § 636(b)(1)(A); E.D. Mich. LR 7.1(d)(1)(A). As a non-dispositive motion, the Magistrate Judge properly decided the motion and issued a written order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); E.D. Mich. LR 72.1(a)(2)(C). A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

[2] Wendorf's reliance on Massey v. City of Ferndale, 7 F.3rd 506 (6th Cir. 1993) and Bennett v. General Caster, 976 F.2d 995 (6th Cir. 1992) is misplaced, as these cases held that a magistrate judge must issue a report and recommendation when ruling on a motion for sanctions under Rules 11 and 41 of the Federal Rules of Civil Procedure. See Massey, 7 F.3rd at 509-10; Bennett, 976 F.2d at 998.

orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

Consistent with this standard of review, a magistrate judge's decision to exclude expert testimony is reviewed for an abuse of discretion, even if that decision results in the entry of summary judgment. Nelson v. Tennessee Gas Pipeline Co., 243 F.3d 244, 248 (2001) (citing Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142-43 (1997)). An abuse of discretion occurs if the ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. Nelson, 243 F.3d at 248 (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)).

## II. JLG's Objection

JLG filed the following objection on August 14, 2009:

> JLG objects to the finding that Mr. Pacheco is qualified to render opinions in this matter because it is clearly erroneous and contrary to law. In support of its Objection, JLG relies on and incorporates by reference its Motion to Exclude Plaintiff's Expert Testimony and accompanying Brief and Exhibits [Document 46] and its Reply in Further Support of Motion to Exclude Plaintiff's Expert Testimony and accompanying Brief and Exhibits [Document 52]. The law relied upon by JLG in its moving papers irrefutably establishes, as a matter of law, that Mr. Pacheco is not qualified to render expert opinions in this case at trial.

Defendant's August 14, 2009 Objection, at 2.

A party forfeits his right to review of a magistrate judge's decision if his objections are general or conclusionary, and unrelated to a specific error in the magistrate judge's order. See Thomas v. Halter, 131 F.Supp.2d 942, 945 (E.D. Mich. Feb. 27, 2001). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." McPherson v. Kelsey, 125 F.3d 989, 995 (6th Cir.

3

...

1997) (quoting <u>Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n</u>, 59 F.3d 284, 293-94 (1st Cir. 1995)). JLG's objection simply states in a general and conclusionary fashion that Magistrate Judge Whalen's finding is "clearly erroneous and contrary to law," and is accompanied only by a general reference to JLG's motion and reply briefs. JLG's has thus forfeited its right to further review of that part of the July 31, 2009 Order finding that Pacheco qualifies as an expert witness. <u>Thomas</u>, 131 F.Supp.2d at 945; <u>McPherson</u>, 125 F.3d at 995. JLG's objection is overruled.

### III. Wendorf's Objection

Wendorf initially asks the court in his five-page reply brief to strike JLG's 27-page response brief as exceeding the 20-page limit of Eastern District of Michigan Local Rule 7.1(c)(3), or permit Wendorf to file a supplemental reply brief. Wendorf's eleven pages of objections, and 19-page supporting brief, as well as Wendorf's reply brief, more than adequately meet the arguments raised in JLG's response brief. Accordingly, Wendorf's request to strike JLG's response brief or for leave to file a supplemental reply brief is denied.

Wendorf objects that his expert Daniel Pacheco was not required to perform independent testing on the subject mobile scissors lift because others had already tested the machine, verified the steering defect, and established that the defect was caused by a computer software problem. Wendorf argues that there is no requirement under Federal Rule of Evidence 702 that an expert examine a product before rendering opinions about that product. Wendorf continues that others, including Hertz and JLG employees, as well as records reviewed by Pacheco, confirmed that the steering defect was corrected once the software was updated from a Version 1.04 to 1.05. Wendorf asserts that the volume of documentary evidence Pacheco reviewed eliminated the need for him to physically examine the scissor lift, its circuitry, or the computer code. Wendorf objects that he read

4

enough of the Operators & Safety Manuel and AEM Safety Manual to opine that JLG failed to warn of the dangers of turning the scissors lift too quickly from left to right.  Wendorf argues that, even if Pacheco was properly precluded from giving his expert opinion regarding the defective computer software, he should not be precluded from rendering expert opinions that there was a steering defect, that Wendorf's use of the mobile scissors lift was foreseeable, that Wendorf was injured as a result of the steering defect, and that JLG should have provided notice that a software cure was available.

Pacheco authored a February 26, 2009 report which provided his following conclusions and opinions:

> 1.  Mr. Thomas Wendorf was injured on October 10, 2006 in the course of his employment as a repair and maintenance man for Hertz Equipment Rental in Sterling Heights, Michigan.
>
> 2.  Mr. Wendorf was moving a JLG Industries, Inc. (JLG) Model 2030ES Electric Scissors Lift (Lift) walking alongside the left side of the lift holding the control console box.  Using the joystick, on the control console box, he pressed the steer control rocker switch to turn left, then pressed it to turn right, at which time the front steering wheels turned hard left, and the left front wheel ran over his right leg and ankle, resulting in his injuries.
>
> 3.  In terms of the design and condition of the machine and its controls, the lift was in substantially the same configuration as it was when it was sold by JLG to Mr. Wendorf's employer.
>
> 4.  Mr. Wendorf was operating the lift in a foreseeable manner, and in a manner allowed and intended by the design of the lift and its controls.
>
> 5.  The programming in the software which controlled steering inputs was defective in that an immediate change from left steer input to right steer input caused the wheels to immediately turn hard left.
>
> 6.   The subject JLG Model 2032 ES was defectively designed and unreasonably dangerous for its foreseeable and intended use in that the control system contained a latent defect which caused the anomalous steering which in turn resulted in the accident.
>
> 7.  JLG failed to adequately test the product to discover the hazard and correct it before putting the machine design into sale and distribution.
>
> 8. JLG knew of the problem well before Mr. Wendorf's accident, yet failed to

5

    advise customers (including Hertz) of the specific hazard, and failed to issue any safety bulletins warning of the problem and advising of the availability of updated software that would eliminate the hazard.

    9. JLG failed to warn of the consequences of rapid transitioning of steering control inputs.

    10. The foregoing were the causes of Mr. Wendorf's accident.

Defendant's Exhibit B, attached to Defendant's June 1, 2009 Motion to Exclude Plaintiff's Expert's Testimony.

    Wendorf does not dispute Magistrate Judge Whalen's findings that Pacheco has no training in computer programming or software design, and has worked on only one project involving a machine with computer controlled functions. July 31, 2009 Order, at 3, 3 n.1. Pacheco's resume describes his "Technical Areas" of expertise as "Design & Testing Engineering: Automotive, Construction & Industrial Equipment; Hydraulics; Machine Design; Product Safety." Defendant's Exhibit B, attached to Defendant's June 1, 2009 Motion to Exclude Plaintiff's Expert's Testimony. As correctly assessed by Magistrate Judge Whalen, absent his own testing of the 2030 ES Model mobile scissors lift, Pacheco lacked the "significant technical expertise" in the specific area of computer programming and software design to render a reliable opinion that: "[t]he programming in the software which controlled steering inputs was defective in that an immediate change from left steer input to right steer input caused the wheels to immediately turn hard left"; "[t]he subject JLG Model 2032 ES was defectively designed and unreasonably dangerous for its foreseeable and intended use in that the control system contained a latent defect which caused the anomalous steering which in turn resulted in the accident"; and "JLG failed to adequately test the product to discover the hazard [defective software] and correct it before putting the machine design into sale and distribution." July 31, 2009 Order, at 4-5 (citing Johnson v. Manitowoc Boom Trucks, Inc., 484 F.3rd 426, 431-32 (6th Cir. 2007)). The point to be

6

made is that, without independent testing, Pacheco lacks the personal knowledge and experience in the specific area of computer software to render a reliable opinion regarding the existence of a computer programming defect in the steering mechanism of the mobile scissors lift operated by Wendorf on October 10, 2006. Johnson, 484 F.3rd at 432. "A layman, which is what an expert is when testifying outside his area of expertise, ought not to be anointed with ersatz authority as a court-approved expert for what is essentially a lay opinion." White v. Ford Motor Co., 312 F.2d 998, 1008-09 (9th Cir. 2002).

While Federal Rule of Evidence 702 does not require independent testing by every expert, the Rule does require that an expert's opinion regarding "scientific, technical, or other specialized knowledge . . . assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Wendorf's objection that the voluminous documentary evidence he reviewed demonstrates that others had tested the machine, verified the computer software steering defect, and confirmed that the steering defect was corrected after the software was updated undercuts the admissibility of his proffered expert opinion regarding a computer programming defect in the scissors lift's steering mechanism. "[A]n expert . . . must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury.'" Dhillon v. Crown Controls Corporation, 269 F.3d 865, 871 (7th Cir. 2001) (quoting Ancho v. Pentech Corp., 157 F.3d 512, 519 (7th Cir. 1998)). Based on Wendorf's own arguments regarding the obviousness of a software defect in the steering mechanism, as otherwise reflected in the record evidence, Pacheco's opinion regarding the software defect would not be of any particular assistance to the trier of fact in understanding the evidence or determining whether a defect existed. Id. Magistrate Judge Whalen's ruling that Pacheco is precluded from offering his expert opinion that a software defect existed in the steering mechanism, that the scissor lift was defectively designed and unreasonably dangerous due to a latent software defect which

caused the accident, or that JLG failed to adequately test the lift, discover the defective software, and correct it before putting the design into distribution, is not clearly erroneous nor contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Patterson, 225 F.R.D. at 205.

Magistrate Judge Whalen acknowledges that Pacheco possesses extensive knowledge and experience as a mechanical engineer in the general areas of designing and testing hydraulic systems and industrial equipment such as forklifts, but finds that Pacheco's lack of training, experience or knowledge in programming or software systems, and failure to inspect or test the subject scissors lift, undermines Pacheco's "status as an expert." July 31, 2009 Order, at 3, 5. See also Defendant's Exhibit B, attached to Defendant's June 1, 2009 Motion to Exclude Plaintiff's Expert's Testimony. Magistrate Judge Whalen also correctly observes that Pacheco's lack of computer programming and software training would "go to the weight" of Pacheco's opinions falling within his "general expertise" as to modern lifts and hydraulic devices. July 31, 2009 Order, at 3. An expert's personal knowledge and experience with a particular type of device may alone suffice to render an expert's testimony reliable, even without testing. Johnson, 484 F.3rd at 431-32. Judge Whalen's Order completely barring Pacheco from testifying as an expert due to Pacheco's lack of computer programming experience and failure to test the lift appears inconsistent with the overall sound reasoning of the Order. The court finds that Pacheco's recognized expertise in the general field of designing and testing hydraulic systems and industrial equipment qualifies Pacheco to offer his expert opinions that Wendorf was operating the lift in a foreseeable manner, and in a manner allowed and intended by the design of the lift and its controls, and that JLG failed to warn of the consequences of rapid transitioning of steering control inputs. Pacheco's failure to test the scissor lift or read the entirety of all the manuals goes to the weight of Pacheco's expert testimony. See Clay v.

8

Ford Motor Co., 215 F.3d 663, 669 (6th Cir. 2000).

In closing, the court notes that Pacheco's conclusions that Wendorf was injured on October 10, 2006 in the course of his employment with Hertz, that Wendorf in fact pressed the steer control rocker switch to turn left, then pressed it to turn right, and that the lift was in substantially the same configuration as it was when it was sold by JLG to Hertz, are not expert opinions which fall within Pacheco's general area of expertise, opinions based on Pacheco's testing or examination of the scissor lift, nor opinions that would be of particular assistance to the jury. Wendorf's objection will be sustained only to the extent that Pacheco may offer expert opinions that Wendorf was operating the lift in a foreseeable manner, and in a manner allowed and intended by the design of the lift and its controls, and that JLG failed to warn of the consequences of rapid transitioning of steering control inputs. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Nelson, 243 F.3d at 248.

## IV. Conclusion

For the reasons set forth above, defendant JLG's objection to Magistrate Judge Whalen's July 31, 2009 Order is hereby OVERRULED. Plaintiff Thomas Wendorf's objections to the July 31, 2009 Order are hereby SUSTAINED, IN PART, to the limited extent that the July 31, 2009 Order is hereby MODIFIED as DENYING, IN PART, JLG's motion to exclude Pacheco from testifying that Wendorf was operating the lift in a foreseeable manner, and in a manner allowed and intended by the design of the lift and its controls, and that JLG failed to warn of the consequences of rapid transitioning of steering control inputs.

SO ORDERED.

Dated:  January 11, 2010

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 11, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk