UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WENDORF,

    Plaintiff,

vs.

    Case No. 08-CV-12229
    HON. GEORGE CARAM STEEH

JLG INDUSTRIES, INC.,

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (# 75) TO MAGISTRATE JUDGE'S JULY 31, 2009 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (# 70)

Plaintiff Thomas Wendorf objects to Magistrate Judge Steven Whalen's July 31, 2009 Order denying Wendorf's motion to compel defendant JLG Industries, Inc. to produce two responses to interrogatories, and to produce detailed information underlying 50 "Sales Force.com sheets" containing JLG's technical responses to customer complaints. Magistrate Judge Whalen denied the motion on determining that the motion was untimely, that the Sales Force.com sheets were inadmissable hearsay, and that, with discovery closed, disclosure of the Sales Force.com sheets would not lead to admissible evidence.

Wendorf objects to that part of the July 31, 2009 Order denying his motion to compel production of the 50 Sales Force.com sheets and underlying documentation. Wendorf argues that his request to produce this information was not untimely, and even if the request was untimely, the delay was due to JLG's failure to timely produce the documents and Wendorf's repeated attempts to informally resolve the issue. Wendorf argues JLG should not be rewarded for its dilatory tactics. Wendorf further objects that the Sales Force.com record are admissible as business records pursuant to Federal Rule of Evidence

803(6), and as admissions of a party opponent pursuant to Federal Rule of Evidence 801(2).

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of the order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made.  Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

"A district court enjoys broad discretion in managing discovery."  Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citing Ghandi v. Police Dep't City of Detroit, 747 F.2d 338, 354 (6th Cir. 1984)).  Thus, whether to grant a motion to compel discovery lies within the district court's discretion.  Suntrust Bank, 210 F.R.D. at 199 (quoting Lavardo v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993)).  "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery."  Suntrust Bank, 210 F.R.D. at 199 (citing Willis v. New World Van Lines, Inc., 123 F.Supp. 2d 380, 401 (E.D. Mich. 2000) (citing Ginett v. Federal Express Corp., 166 F.3d 1213 (6th Cir. 1998))).

Wendorf concedes that the subject motion to compel was filed on July 1, 2009, three months after the expert discovery cutoff date.  Objections, at 14.  Wendorf also states that the existence of the Sales Force.com information was discovered during a December 4, 2008 deposition of JLG employee Brent Hoover.  Plaintiff's Counsel argued before Magistrate Judge Whalen that he waited to file a motion to compel "until after case evaluation to see if the case would resolve because why make a motion to compel if we're going to resolve the case."  July 30, 2009 Hearing Transcript, at 7.  In denying the motion

2

to compel, Magistrate Judge Whalen reasoned in part:

> . . . [The motion] is grossly untimely. Discovery closed - - I understand, you know, that the - - that the discovery requests and the discovery responses were served before the close of discovery, but at this point summary judgment motions have been filed, discovery has been closed since last February, and this motion could have been brought and should have been brought at a much - - at a much earlier date if the plaintiff felt that the responses were inadequate or that the objections were unwarranted.
>
> So based on timeliness, I'm going to deny the motion.

Id. at 18-19. The court is not left with a definite and firm conviction that Magistrate Judge Whalen abused his discretion in denying Wendorf's motion to compel as untimely. Patterson, 225 F.R.D. at 205; Suntrust Bank, 210 F.R.D. at 199. The court need not address the remainder of Wendorf's objections.

Plaintiff Wendorf's objections to Magistrate Judge Whalen's July 31, 2009 Order denying Wendorf's motion to compel discovery are hereby OVERRULED.

SO ORDERED.

Dated: January 11, 2010

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 11, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk