UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WENDORF,

        Plaintiff,

vs.

Case No. 08-CV-12229
HON. GEORGE CARAM STEEH

JLG INDUSTRIES, INC.,

        Defendants.

_____/

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS (# 103) TO MAGISTRATE JUDGE'S FEBRUARY 4, 2010 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (# 90)

Plaintiff Thomas Wendorf objects to Magistrate Judge Steven Whalen's February 4, 2010 Order denying Wendorf's December 21, 2009 motion to compel defendant JLG Industries, Inc. to supplement its answers to Wendorf's First Set of Interrogatories, and to supplement documents to Wendorf's First Request to Produce Documents.

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of the order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)). Whether to grant a motion to compel discovery lies within the district court's discretion. Suntrust Bank, 210 F.R.D. at 199 (quoting Lavardo v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993)). "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." Suntrust

Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citing Willis v. New World Van Lines, Inc., 123 F.Supp. 2d 380, 401 (E.D. Mich. 2000) (citing Ginett v. Federal Express Corp., 166 F.3d 1213 (6th Cir. 1998))).

Fact discovery cut-off was February 27, 2009, while expert discovery cut-off was March 31, 2009. See November 14, 2008 Stipulated Order (# 27). Wendorf filed the instant motion to compel on December 21, 2009, approximately nine months after the close of fact discovery. The court denied the parties' June 1, 2009 cross-motions for summary judgment (# 45, #47) on January 11, 2010. Wendorf did not oppose defendant JLG's motion for summary judgment based on the need for additional discovery under Federal Rule of Civil Procedure 56(f). Wendorf's argument that a party owes a continuing duty through trial to supplement discovery responses ignores a district court's discretion to deny a motion to compel discovery after the close of discovery. Suntrust Bank, 210 F.R.D. at 199. Magistrate Judge Whalen's decision was not contrary to law. Id. Upon reviewing the entire record in this matter, including Wendorf's arguments that defendant JLG is to blame for Wendorf's nine-month delay in filing the motion to compel, the court is not left with a definite and firm conviction that Magistrate Judge Whalen was mistaken in denying Wendorf's untimely December 21, 2009 motion to compel. Patterson, 225 F.R.D. at 205.

Plaintiff Wendorf's objections to Magistrate Judge Whalen's February 4, 2010 Order denying Wendorf's motion to compel discovery are hereby OVERRULED.

SO ORDERED.

Dated: March 24, 2010

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 24, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk